IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RONALD P. RICHARDSON,

       Plaintiff,

v.                                     No. 16cv1358 WJ/CG

ELVIRA ALVAREZ,

       Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*

**THIS MATTER** comes before the Court on *pro se* Plaintiff Ronald P. Richardson's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed December 13, 2016 ("Application") and on his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed December 13, 2016 ("Complaint"). For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** Plaintiff's Complaint **without prejudice**. Plaintiff shall have 21 days from entry of this Order to show cause why this case should not be dismissed for lack of jurisdiction. Failure to timely show cause why this case should not be dismissed for lack of jurisdiction may result in dismissal of this case without prejudice.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis,
> it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,
> if the court finds that the allegations of poverty are untrue or that the action is

frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).   ).   "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status."   *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).   "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...."   *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."   *Id.* at 339.

The Court will grant Plaintiff's Application.   Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff earned $13,700.00 from February 9 through November 4, 2016; (ii) Plaintiff is currently unemployed; (iii) Plaintiff has no cash and no funds in bank accounts; (iv) Plaintiff's only asset is a vehicle valued at $600.00; and (v) Plaintiff's estimated average monthly expenses total $1,290.00.   The Court finds Plaintiff is unable to pay the costs of these proceedings because he is unemployed, has no cash and is currently unemployed.

**The Complaint**

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."   Plaintiff checked the box indicating that Defendant Elvira Alvarez was acting under color of state law.   The form Complaint prompts Plaintiff to explain how Defendant Alvarez was acting under color of state law but Plaintiff provided no such explanation.   Where the

2

form Complaint prompts Plaintiff to list other statutes under which he is invoking jurisdiction, Plaintiff cited 28 U.S.C. § 1407, which concerns multidistrict litigation.   Plaintiff also makes a conclusory claim of a "Violation of 4th Amendment of the Constitution of the United States" and cites 50 U.S.C. § 1881 which relates to Foreign Intelligence Surveillance.   The allegations in the Complaint indicate that this case arises from alleged breaches of a rental agreement.   The Complaint also lists "Family on Property 'Alvarez' Prior Residents" as a defendant and indicates the "Family" was not acting under of color of state law.   It is not clear what claims Plaintiff is asserting against the "Family."

The Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Fed. R. Civ. P. 8(a)(1).   As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.   *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court does not have federal question jurisdiction over Plaintiff's claims.   *See* 28 U.S.C. § 1331.   Although Plaintiff initiated this action using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," which states "Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983," Plaintiff makes no factual allegations that he was deprived, under color of state law, of any right, privilege or immunity secured by the Constitution or laws of the United States.

The Court also does not have diversity jurisdiction over Plaintiff's claims because the Complaint indicates that both Plaintiff and Defendants are citizens of New Mexico.   *See*

Complaint at 1;  *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (in order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000 . . . Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant").

The Court will dismiss the Complaint without prejudice because it lacks jurisdiction to consider Plaintiff's claims.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").  Plaintiff shall have 21 days from entry of this Order to show cause why this case should not be dismissed for lack of jurisdiction.  Failure to timely show cause may result in dismissal of this case without prejudice.

**IT IS ORDERED** that Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed December 13, 2016, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed December 13, 2016, is **DISMISSED without prejudice.** Plaintiff shall have 21 days from entry of this Order to show cause why this case should not be dismissed for lack of jurisdiction.

_____
**UNITED STATES DISTRICT JUDGE**